ROBERTS, Chief Justice.
We here review on certiorari an order of the lower court entered on the petition of the respondent, as trustee of an inter vivos trust, for confirmation of the sale of the corpus of the trust and for instructions of the court as to certain other matters in connection with such sale, to which we will refer hereafter.
Stated as briefly as possible, the pertinent facts are as follows: The corpus of the trust consisted of certain patents to a mixing device and royalty contracts with a manufacturing company for the manufacture and sale of the patented article. The trust deed provided for monthly payments in stated amounts to the beneficiaries of the trust, who were the settlor’s daughter and (contingently) two other persons. Shortly after the death of the settlor, his widow (the petitioner in these certiorari proceedings) successfully sought to set the trust aside insofar as it abrogated her dower interest in the trust property. In addition to granting her a one-third interest in the corpus of the trust, the decree required the trustee to pay over monthly to her one-third of the royalties accruing under the royalty contract “without deductions.”
Difficulties arose several times with the manufacturing company as to the validity of the patents and royalty contracts. Finally, in 1950 or 1951, the trustee was advised *780 to litigate the controversy. This it did and, for this purpose,' employed attorneys in New York and in Miami. The litigation was finally compromised and settled in December 1953 under an agreement providing for the payment of $160,000 to the trustee in settlement of the trustee’s claims, and relinquishment of all rights, under the royalty contracts and $90,000 for the sale to the company of the patents — a total of $250,000.
The instant petition sought the instructions of the court as to the reasonableness of the fees claimed by the attorneys who had handled the litigation and negotiations for the compromise and settlement agreement and other matters in connection therewith, and the amount due the trustee as its “fair and reasonable fee for its services” in the matter. Advice was also sought as to whether the one-third interest of the widow in and to the proceeds of the settlement should be paid to her without deducting the expenses of the litigation, above referred to.
The Chancellor awarded fees in the following amounts: $19,500 to the New York attorneys; $5,000 to the Miami attorneys; and $15,000 to the trustee, and. decreed that the widow was liable for her proportionate part of these and other expenses of. the litigation, which should be deducted from her one-third share before, distribution to her. The widow here contends that the fees above mentioned, are , excessive and also that she is entitled to have her share “without deduction” of any of such expenses. The point is .also made that, in view of the fact that under the terms of the settlement agreement .a portion of the $160,000 is .payable..during the year? 1954, 1955, 1956 and 1957,’ it was error to decree that the .trustee .was entitled to receive its fee immediately.
We find no error in any part of the order except the amount of the trustee’s fee.
The trust agreement apparently made no provision for compensation to the trustee, nor do the laws of this state specify the amount of compensation to which a trustee is entitled. Trustees are, however, entitled to a reasonable compensation “for their services, and the care and responsibility incident to their position.” Rhoades v. Frazier, 124 Fla. 737, 169 So. 379, 381, citing Muscogee Lumber Company v. Hyer, 18 Fla. 698.
The Chancellor evidently based his award of $15,000 to the trustee on a percentage basis, that is, 5 percent of $250,000 or $12,500, and $2,500 in payment of the “extraordinary services” of the trustee in connection with the litigation and negotiations to preserve the corpus of the trust. This was the manner in which the trustee’s trust officer computed the fee, according to his testimony; and the testimony of trust officers of other banks in support thereof also broke down the fee into the two separate items. We find no valid objection to the award of $2,500 for “extraordinary services”; but we think that the award of $12,500 cannot be sustained. Under the circumstances here existing, it is little more than an “acceptance fee”, which was disapproved by' this court in Rhoades v. Frazier, supra, 169 So. 379, 383. There, the executors of a will were paid- executors’ commissions for the handling of an estate and, in accordance with the terms of the will, transferred to themselves, as trustees, the corpus of the estate for the administration of the trusts created by the will. They claimed “commissions * * * for ‘receiving’ from themselves as executors the assets of .the same estate * * * on which they had 'been allowed commissions * * * in their capacity as executors.” The court said: “This transfer of the cash and securities of the estate from themselves as executors to themselves as trustees did not involve any physical'transfer, and might well be regarded as a mere matter of bookkeeping, so far as this matter of commissions or compensation was concerned * * * and that to allow them a commission as trustees for ‘receiving’ from themselves as executors the assets of the same estate would be a mere ‘acceptance fee’ and in the nature of a double commission, which under the circumstances it would be inequitable to award.”
*781 In the instant case; the trustee is claiming $12,500 as a reasonable compensation for ordinary and usual services as trustee of a fund- which did not come into its hands until the settlement of this litigation, at which time its only duty would be to disburse a portion of the fund in the manner and in the amounts decreed by the court order here reviewed. The disbursement to the attorneys would. require only the writing of checks; the disbursements to the widow and the beneficiaries of the amounts presently due them would require only a single mathematical calculation. The remainder of the $250,000 (which would now constitute the corpus of the trust fund) would remain in its hands for the duration of the trust, for periodic payments to the beneficiaries in accordance with the terms of the trust deed, and the trustee mill claim compensation for the administration of the trust for the five-year' period. This is shown by the testimony of the trustee’s trust officer, as follows:
“I am taking the position that we are entitled to this $15,000 as payment for pur services to date; -that thereafter, for instance, in the investment of the. two-thirds that it left over for Patricia, we would be entitled to the normal trustee’s fee, which is one-fifth of one percent of the principal and five percent of the income, as recommended by the American .Bankers’ Association. In other words, I do not propose to work for the next five years for nothing.” (Emphasis supplied.)
As to that “left over,” then, ,the collection of an “acceptance fee” and the compensation for administration during the remaining five years of the trust would certainly be double .compensation, which, as noted, is not ordinarily allowed. Cf. Rhoades v. Frazier, supra, 169 So. 379.
The amount of the, trustee’s fee specified as compensation, for. “extraordinary services” should be borne by the widow, in the proportion chargeable to her share of the fund. Likewise, she should bear her proportionate part of the attorney’s fees and other expenses of litigation, which was to preserve the' corpus of the fund. She should not be required, however, to bear that portion of the trustee’s fee which the Court decrees it is entitled to have over and above its compensation for “extraordinary services.”
The portion of the order as to the trustee’s fee is, therefore, quashed and the cause remanded to the Chancellor with directions to review the evidence in the light of the opinions herein expressed and to make such award of compensation, hot to exceed $7,500, as in his opinion is reasonable.
Certiorari denied in part and granted in part.'
TERRELL, MATHEWS, DREW and BUFORD, JJ., concur.
THOMAS, J., for denial of petition for certiorari.
SEBRING, J., not participating.